## J. HARRIET ENOCHS *v.* GEORGE A. NEWTON.

COLLATERAL SECURITY. *Pledge by wife for debt of husband. Want of consideration.*

When a man and wife execute their joint note in satisfaction of a debt of the husband, barred by limitation, and the wife pledges a note payable to her as security therefor, she cannot withdraw the pledge otherwise than as her husband could, and the pledgee may enforce the note so pledged to the amount of the joint note, even though the joint note be not obligatory on the wife, for want of consideration.

APPEAL from the Chancery Court of Hinds County.

HON. E. G. PEYTON, Chancellor.

On January 12, 1879, I. V. Enochs gave his note to one A. F. Andre for $120, with interest at 10 per cent. per annum, and due on the 1st day of March, 1880. On March 6, 1879, J. P. Enochs, the son of I. V. Enochs, gave his note for $134 to Andre,

with a deed of trust on certain land, to secure the note of his father. This land did not in fact belong to J. P. Enochs, but to Mrs. Harriet Enochs, wife of I. V. Enochs. On November 29, 1883, Mrs. Enochs sold this land to one Moore and took five promissory notes in payment therefor, to secure payment of which she reserved a vendor's lien on the land. In April, 1885, this land was sold under the deed of trust executed by J. P. Enochs, and was bought in by George A. Newton, who held as an attorney the notes to Andre for collection. On May 28, 1886, I. V. Enochs and his wife, Mrs. Harriet Enochs, gave George A. Newton their note for $257.27, the amount claimed by Newton to be due Andre from I. V. Enochs on the note given by him in 1879. At the same time Mrs. Enochs deposited with Newton three of the notes given her by Moore for the purchase money of the land sold him, and which were secured by a vendor's lien on the land sold, as collateral security for the joint note then executed by herself and her husband.

This joint note, not having been paid at maturity, George A. Newton exhibited his bill against I. V. Enochs and wife and Moore, and asked that the vendor's lien on the land sold to Moore be enforced to pay the amount due him. Mrs. Enochs answered, denying that there was any consideration for her transaction with Newton.

The chancellor decided in favor of the complainant, and found the amount due him to be $220.50, that being the amount due on the original note of I. V. Enochs to Andre with interest from 1879 to date of decree, and ordered that the vendor's lien be enforced. The defendant, Mrs. J. Harriet Enochs, appealed.

*Cole & White*, for the appellant.

There is but one question presented for the consideration of the court. Was there any consideration good or valuable in law for the note given by appellant, J. H. Enochs, to appellee ?

The former indebtedness of appellant, I. V. Enochs, was sufficient to support a new promise from him, but not from J. H. Enochs; for it is well settled that a promise by a party, even in writing, to pay a debt already incurred by a third person, cannot be enforced unless there be a new consideration. 25 Mo. 66 ; *Aldridge* v. *Turner*, 1 Gill and Johns. 427 ; 4 Pick.

385 ; *Clark* v. *Small et al*, 6 Yerger (Tenn.), 418 ; *Standley and Miles* v. *Adams*, 7 G. 434.

Then, if an existing legal indebtedness of the principal is not sufficient to bind the surety, certainly a prior indebtedness of such principal which was barred when the note was executed is insufficient.

*E. E. Baldwin*, for the appellee.

As stated by the appellant, there is only one question in the case for the consideration of the court; was there any good or valuable consideration for the note of I. V. and J. H. Enochs ?

We say there was. That it was the original indebtedness due by I. V. Enochs for the money borrowed by him.

The question of the money at one time having been barred, can cut no figure in the case, in any view of the matter. . For I. V. Enochs, if it was barred, had the right to make a new promise, and had the right to secure it, in any way he could. There was a valuable, pre-existing consideration in the shape of the old debt. There was also a new consideration in the shape of the extension of time for the payment of the debt, given when the new promise was made. And there was another new consideration which was the extinguishment of the old debt, and the substitution of the new one in the place of it.

It is a completed novation, to which all parties to the transaction, have given their assent, making the consideration of the transaction good and binding on the new parties.

See *Parsons on Contracts*, 1,217; *Adams* v. *Power*, 48 Miss., 450; 52 Miss., 828; *Wren* v. *Hoffman*, 41 Miss., 616.

The cases, cited by the counsel for the appellant, are all cases in which there was either an attempted novation, without any extinguishment of the old debt, or where a third party, without any new consideration, attempted to guaranty the payment of a debt between two other parties, a very different condition of things from that existing in this case.

Consequently, we insist that the decree of the chancellor was correct, and should be affirmed.

Campbell, J., delivered the opinion of the Court.

The complainant was entitled to enforce the notes of Moore,

which he held, to the amount of the note of Enochs and wife to secure which they were pledged to him. If the note of Enochs and wife was not obligatory on her, for want of consideration, it was certainly the debt of her husband; and as she pledged the notes of Moore payable to her as security for that debt, she cannot withdraw that pledge otherwise than as her husband could. Jones on Pledges, § 354.

Mrs. Enochs joined her husband in giving the note and pledged the notes of Moore to secure that note, evidencing the debt of her husband; and until it is paid she cannot withdraw the pledge.

The chancellor erred in rendering a decree for less than the appellee was entitled to; but he alone could complain of that error, and he has not done so.

*Affirmed.*